Randall L. Jeffs, #12129
JEFFS & JEFFS, P.C.
90 North 100 East
P.O. Box 888
Provo, UT, 84603
Telephone: (801) 373-8848
Email: rzjeffs@jeffslawoffice.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LINDA JOHNSON, an individual, JANE MCKENNA, an individual, and MARGARET WEEKS, an individual<br><br>    Plaintiffs,<br><br>v.<br><br>UHS OF PROVO CANYON, INC, a Delaware Corporation, aka PCS OF DELAWARE, INC., dba PROVO CANYON SCHOOL, PROVO CANYON BEHAVIORAL HOSPITAL, PROVO CANYON RESIDENTIAL SERVICES OF UTAH, PROVO CANYON SCHOOL SPRINGVILLE CAMPUS, PROVO CANYON HOSPITAL, ACADEMY AT CANYON CREEK,<br><br>    Defendants. | **SCHEDULING ORDER AND ORDER VACATING HEARING**<br><br><br><br><br><br><br><br>*Civil No. 2:15-cv-00641*<br>*Judge Dale A. Kimball* |

**Initial Pretrial Conference set for 4/13/2016 at 10:30 AM is VACATED.**

1. **PRELIMINARY MATTERS**

    a. The Plaintiffs have brought an action seeking compensatory and punitive damages against the Defendants on the basis of alleged discrimination, disparate treatment and retaliation on the basis of age in violation of the Age Discrimination

Employment Act of 1967, as amended, and also on the basis of Utah's Antidiscrimination Act. Defendants have denied these allegations and asserted various defenses, affirmative and otherwise.

b. This case is assigned to Federal District Court Judge, the Honorable Dale A. Kimball.

c. Pursuant to Fed. R. Civ. P. 26(f) a meeting via telephone was held on March 17, 2016 in which Randall L. Jeffs, counsel for the Plaintiff Jesse Oakeson, counsel for the Defendants, attended.

d. The parties do not request an initial pretrial scheduling conference with the Court prior to entry of the scheduling order.

e. The parties will exchange initial disclosures by April 29, 2016.

f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission, except in the case of a request for production of original documents, mirror image hard drives, or tangible things. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived, except in the case of a request for original documents, mirror image hard drives, or tangible things.

2. **DISCOVERY PLAN**

a. Discovery is necessary on all issues.

b. Discovery will not be conducted in phases.

c. Discovery Limitations.

1. 20 depositions per side. Each deposition will not exceed 8 hours in length.

2. 75 interrogatories per side, including subparts.

3. 60 requests for production per side, including requests for production of tangible things.

4. 25 requests for admissions per side.

5. Other discovery methods: Defendants reserve the right to send third party subpoenas seeking testimony and documents and to ask for examinations under Rule 35.

6. To the extent electronically stored information is discoverable, the parties agree that they will make the same available to each other to the extent it is (a) discoverable under the Rules; (b) not privileged; and (c) gaining access to or producing the information would not impose an undue producing party, subject to the limitations set by Rule 26(b)(2)(C), which apply to all discovery. If a dispute arises as to electronic discovery, the parties agree to confer as to whether electronic production is necessary as an alternative to other means of production. Should that conference fail to yield resolution, the Court will be requested to determine any remaining issues.

d. The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: Any disclosure in connection with the present matter before the Court by a party of a communication or information covered by the attorney-client privilege, or work-product protection or other privilege shall not be deemed a waiver, in the present matter or in any other federal or state court proceeding, of such privilege or protection in regards to the communications or information so long as the disclosing party designates the communication or information as covered by the attorney-client privilege or work-product protection to the receiving party within 21 days after any written or unrecorded oral disclosure thereof, or, in the event of a recorded oral disclosure thereof, within 21 days after receipt by the disclosing party of a transcript containing the oral disclosure, so long as a request for the transcript was made by the disclosing party within 14 days after making the oral disclosure. Within ten (10) business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production. In the event that the producing or disclosing party does not reasonably discover that the communication or information disclosed was covered by the attorney-client privilege, work-product protection or other privilege within the time periods specified above, the inadvertent production or disclosure thereof shall not be deemed a waiver, in the present matter or in any other federal or state court proceeding, of

4

such privilege or protection in regards to the communication or information so long as the disclosing party designates the communication or information as covered by the attorney-client privilege, work-product protection or other privilege to the receiving party immediately upon discovery of the privilege or protection. Within ten (10) business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production. To the extent disclosure of confidential or protected information becomes necessary, the parties agree to enter into a protective order that shall govern the management of such information.

e. The last day to file written discovery shall be February 24, 2017.

f. The close of fact discovery shall be March 24, 2017.

3. **AMENDMENT OF PLEADINGS**

   a. The cutoff date for filing a motion to amend the pleadings shall be August 31, 2016, for all parties.

   b. The cutoff date for filing a motion to join additional parties shall be August 31, 2016, for all parties.

    c. In the event that additional claims are added to conform to the evidence or under a motion to amend, the parties agree that they will cooperate to accommodate discovery as to the new claims and extend discovery if necessary.

4. **EXPERT REPORTS**

    a. Reports from experts under Rule 26(a)(2) will be submitted by:

        1. Parties bearing the burden of proof: April 28, 2017.

        2. Response: May 26, 2017.

5. **OTHER DEADLINES**

    a. The expert discovery cutoff date shall be June 30, 2017.

    b. The deadline for filing dispositive or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case shall be July 31, 2017.

    c. The deadline for filing partial or complete motions to exclude expert testimony shall be July 31, 2017.

6. **ADR/SETTLEMENT**

    a. The potential for resolution before trial is unknown.

    b. This case should not be referred to the court's alternative dispute resolution program at this time.

    c. The parties will engage in private alternative dispute resolution, as desired.

    d. The parties will re-evaluate the case for settlement/ADR resolution on April 28, 2017.

7. **TRIAL AND PREPARATION FOR TRIAL**

    a. The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b. This case should be ready for bench trial by February 2018.

    c. The estimated length of the trial is 10 days.

|  |  | TIME | DATE |
|---|---|---|---|
| a. | Rule 26(a)(3) Pretrial Disclosures[1] |  |  |
|  | Plaintiff |  | <u>*11/03/17*</u> |
|  | Defendant |  | <u>*11/17/17*</u> |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) |  | <u>*00/00/00*</u> |
| c. | Special Attorney Conference[2] on or before |  | <u>*12/01/17*</u> |
| d. | Settlement Conference[3] on or before |  | <u>*12/01/17*</u> |
| e. | Final Pretrial Conference | N/A | <u>*00/00/00*</u> |
| f. | Trial | Length |  |

---

[1] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[2] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[3] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

1226146.2

|  |  |  |  |
|---|---|---|---|
| i. Bench Trial | *10 days* | 8:30 a.m. | *01/08/18* |
| ii. Jury Trial | *# days* | ___:__ _.m. | *00/00/00* |

**8.**  **OTHER MATTERS**
Parties should file all Motions in Limine well in advance of the Final Pre Trial.

BY THE COURT:

_____
Evelyn J. Furse
U.S. Magistrate Judge

Approved as to Form:

JEFFS & JEFFS, P.C.

  /s/   Randall L. Jeffs
*Attorneys for Plaintiff*


JONES WALDO

  /s/   Jesse Oakeson
*Attorneys for Defendants*
*(electronically signed with permission)*

8

1226146.2